IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS CHRISTOPHER WALKER ) *and* GEOFFREY CHRISTIAN ) WALKER, *as the personal* ) *Representatives of the* Estate of ) Thomas L. Walker, *deceased*, )     Plaintiffs, ) ) v. ) ) APRIL YEARLING, *et al.*, )     Defendants. ) | CIVIL ACTION NO. 1:21-00046-KD-N |

## REPORT AND RECOMMENDATION

This action is before the undersigned Magistrate Judge *sua sponte* on review of the Court's subject-matter jurisdiction.[1] This case was removed from the Circuit Court of Baldwin County, Alabama, under 28 U.S.C. § 1441 by PharMerica Logistics Services, LLC ("PLS"), with its Notice of Removal (Doc. 1) and Amended Notice of Removal (Doc. 8) both alleging diversity of citizenship under 28 U.S.C. § 1332(a) as0

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* See also *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

"[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." *Univ. of S. Ala.*, 168 F.3d at 410. "[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

the sole basis for the Court's subject-matter jurisdiction. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…"); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).").

Where, as here, a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). "A defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000." *City of Vestavia Hills*, 676 F.3d at 1313. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the

party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2]

This case was commenced in state court on November 26, 2019, against initial defendants Diversicare of Foley, LLC, Samantha Taylor, Patricia Taylor, Karen Bexley, Denise Edwards, and Haley Guthrie. (*See* Doc. 1-2, PageID.19-22). On March 18, 2020, the state court entered an order compelling arbitration of the claims brought against the initial defendants, and further directed that the case be "stayed and placed on the Administrative Docket pending resolution of this case through the arbitration process." (Doc. 1-2, PageID.24). Approximately 9 months later, on December 11, 2020, the Plaintiffs filed their first amended complaint, which joined PLS, Diversicare Management Services, Inc. and April Yearling as defendants. (*See* Doc. 1-2, PageID.28-40). PLS subsequently removed the case to this Court.

However, PLS did not allege the citizenships of either Diversicare Management or Yearling in its Notice of Removal. PLS asserted that, at the time of removal, neither Diversicare Management nor Yearling had been served with process in this case. Therefore, it is PLS's position that their citizenships "are disregarded for purposes of removal under 28 U.S.C. § 1441(b)(2)." (Doc. 1, PageID.5). PLS is incorrect.

---

[2] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

Section 1441(b)(2), containing what is known as the "forum defendant rule," states that a "civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) … may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." However, the "forum defendant rule" does not provide an exception to the rule that every plaintiff must be diverse from every defendant for there to be jurisdiction under § 1332(a). Rather, § 1441(b)(2) only provides a *procedural* removability exception for cases that are "otherwise" removable based on diversity jurisdiction – i.e., where all other requisites for diversity jurisdiction are satisfied, including complete diversity.[3] While Diversicare Management and Yearling may not have been served, PLS does not dispute that they had nevertheless been joined as party defendants to this case at the time of removal.[4] Thus, as parties, their citizenships must be accounted for in determining whether the complete diversity required by § 1332(a) exists.

---

[3] The requirement of complete diversity under § 1332(a) is a jurisdictional requisite that a court must address even if not raised by the parties, *see Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) ("When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists. Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." (citations omitted)), while violation of the "forum defendant rule" is a procedural defect that can be waived if not timely raised by a non-removing party. *See U.S. Bank Nat'l Ass'n v. Smith*, 693 F. App'x 827, 829 (11th Cir. 2017) (per curiam) (unpublished) (noting that the forum-defendant rule is procedural (citing *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998)).

[4] *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010) (the jurisdictional facts that support removal must be judged at the time of the removal).

By order dated and entered February 2, 2021 (Doc. 2), the undersigned explained that the "forum defendant rule" did not render Diversicare Management and Yearling's citizenships irrelevant for purposes of § 1332(a), and directed PLS to file, by February 9, 2021, an amended notice of removal alleging their citizenships, or some alternative basis for subject matter jurisdiction. In response, PLS timely filed its Amended Notice of Removal (Doc. 8), which does not allege any alternative basis for subject-matter jurisdiction, and which concedes that Yearling, like the Plaintiffs,[5] is a citizen of Alabama. (*See* Doc. 8,0 PageID.98, ¶ 4).[6] However, PLS continues to maintain that Yearling's citizenship can be disregarded under the "forum defendant rule," this time citing the Court's recent decision in *Logan v. McKinney Drilling, LLC*, No. CV 1:20-00268-JB-MU, 2021 WL 354462 (S.D. Ala. Feb. 2, 2021) (Beaverstock, J.). However, PLS continues to misinterpret the "forum defendant rule" as providing an exception to the requirement for complete diversity under § 1332(a).

In *Logan*, the district judge addressed whether so-called "snap removals" – in which a defendant removes a case before it is actually served with process – were permitted under § 1441(b)(2), answering that question in the affirmative. *See* 2021

---

[5] Both Plaintiffs are suing solely in their capacities as the legal representatives of the estate of descendent Thomas L. Walker. Thus, the Plaintiffs are "deemed to be a citizen only of the same State as the decedent," 28 U.S.C. § 1332(c)(2), who is alleged to have been a citizen of Alabama at the time of his death. (*See* Doc. 1, PageID.4, ¶ 15).

[6] PLS has not alleged the citizenships of any of the initial defendants, but argues that their citizenships should be disregarded because the "claims against those defendants, which will be resolved in arbitration … , are not properly in any court." (*See* Doc. 1, PageID.6, ¶ 20). The undersigned finds it unnecessary to pass on the merits of this argument, given PLS's concession that Yearling is not diverse from the Plaintiffs.

WL 354462, at *3-6. *Logan* then went on to find that, because none of the forum defendants added by amended complaint had been served with process prior to removal, the "forum defendant rule" was not violated in that case. *See id.*, *6. Nowhere, however, did *Logan* purport to hold that the "forum defendant rule" displaced the requirement of complete diversity among the parties for diversity jurisdiction to attach.[7] Rather, the judge in *Logan* noted that, under the "forum defendant rule," "until a forum defendant has been served under state law[,] a state court lawsuit is removable[,]" "*assuming a district court has subject matter jurisdiction*[,]" 2021 WL 354462, at *6 (emphasis added) – thus recognizing that the Court must "otherwise" have subject-matter jurisdiction under § 1332 before the "forum defendant rule" even comes into play as an additional bar to removal. 28 U.S.C. § 1441(b)(2). Indeed, prior to addressing the "forum defendant rule," the *Logan* judge first assured himself that there was "complete diversity of citizenship between the Plaintiff and the Defendants[,]" and determined that "without question, this Court would have had original jurisdiction over this action based on the basic requirements of Section 1332." 2021 WL 354462, at *2. And as the plaintiff in *Logan* was a citizen of Georgia (*see* 1:20-cv-00268 PageID.3), the presence of Alabama defendants in that case did not defeat the complete diversity required for § 1332(a) jurisdiction. Such is not the case here.

     PLS cites no case law that persuasively supports the interpretation of the "forum defendant rule" it advances, and substantial authority recognizes that that rule does not displace § 1332(a)'s requirement of complete diversity among the

---

[7] The same is true for the other district court opinions cited by PLS in both its initial and amended notices of removal. (*See* Doc. 1, PageID.5-6, ¶ 19; Doc. 8 n.1, PageID.99-100).

parties for a district court to have subject-matter jurisdiction under that provision, regardless of whether they have been "properly joined and served." *See Gibbons v. Bristol-Myers Squibb Co.*, , 705 (2d Cir. 2019) ("By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) *so long as a federal district court can assume jurisdiction over the action*."); *In re Shell Oil Co.*, 932 F.2d 1518, 1519 (5th Cir. 1991) ("Although the defendants were citizens of the forum state, the district court still had subject matter jurisdiction because complete diversity existed."); *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) ("We begin by recognizing that the forum-defendant rule is a procedural rule and not a jurisdictional one. Here, the district court had subject-matter jurisdiction because each defendant was diverse from the plaintiff. The plaintiff is a Texas limited liability company. The defendants are a New York corporation … and two individual citizens of Louisiana…. Thus, there is no jurisdictional defect under 28 U.S.C. § 1332(a)." (citations omitted)); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir.), *amended on denial of reh'g*, 250 F.3d 997 (6th Cir. 2001) ("*Where there is complete diversity of citizenship*, … the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." (emphasis added)); *In re Repository Techs., Inc.*, 601 F.3d 710, 722 (7th Cir. 2010) ("[T]he forum defendant rule is non-jurisdictional, meaning that the rule does not divest the district court of jurisdiction over claims improperly removed by a forum defendant *so long as complete diversity exists at the time of judgment*." (emphasis added)); *Morris v. Nuzzo*, 718 F.3d 660, 664–65 (7th Cir. 2013) ("A defendant removing a case on diversity grounds must not only demonstrate that the

case satisfies the requirements of 28 U.S.C. § 1332(a), but must also clear the 'additional hurdle' of 28 U.S.C. § 1441(b)(2), or the 'forum defendant rule.' "); *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754 (10th Cir. 2021) (unpublished) ("Ross needed to show federal diversity jurisdiction under § 1441(a) before § 1441(b)(2)'s limitation on diversity-based removal could even come into play."); 14C Joan E. Steinman *et al.*, Fed. Prac. & Proc. Juris. § 3723 (Rev. 4th ed.) ("The language in Section 1441(b)(2) provides that diversity cases 'may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.' This implies that a *diverse* but resident defendant who has not been served may be ignored in determining removability." (emphasis added)); 2 Russell J. Davis *et al.*, Cyc. of Federal Proc. § 3:64 (3d ed.) (under the "forum defendant rule," "a defendant may remove a case to federal court only when there is complete diversity of citizenship between all named plaintiffs and all named defendants, *and* no defendant is a citizen of the forum state" (emphasis added)).

"Congress added the 'properly joined and served' language to the statute in 1948." *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014). The Eleventh Circuit has agreed with the view of "[m]ultiple courts [that] have interpreted [that addition] as an effort to prevent gamesmanship by plaintiffs. In the view of th[o]se courts, the purpose of the language is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom the plaintiff does not intend to proceed, and whom the plaintiff does not even serve." *Id.* (citations and quotation omitted). *See also Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018) ("Congress' inclusion of the phrase 'properly joined and served' addresses a specific problem — fraudulent joinder by a plaintiff — with a bright-line

rule. Permitting removal on the facts of this case does not contravene the apparent purpose to prohibit that particular tactic."). In other words, the "properly joined and served" provision of § 1441(b)(2) was added as a restriction on the "forum defendant rule" itself, rather than to identify a category of defendants whose citizenships could be disregarded for purposes of § 1332(a). By way of comparison, 28 U.S.C. § 1441(b)(1) states that "the citizenship of defendants sued under fictitious names shall be disregarded" in determining whether removal based on § 1332(a) is proper, showing that Congress is clear when it intends to exclude certain categories of parties for purposes of § 1332(a).

As PLS has conceded that complete diversity is lacking, in that at least one defendant was a citizen of the same state as the Plaintiffs at the time of removal,[8] this Court does not have subject-matter jurisdiction under § 1332(a). PLS has also not offered an alternative basis for subject-matter jurisdiction, and none is apparent from the record. Accordingly, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that the Court **REMAND** this case *sua sponte* to the Circuit Court of Baldwin County, Alabama, for lack of subject-matter jurisdiction under 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**DONE** this the 23rd day of February 2021.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] PLS does not argue that Yearling was fraudulently joined, or offer any other basis for disregarding her citizenship apart from the one rejected herein.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.